UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**WINDY LUCIUS**

        Plaintiff,

v.

**ZIMMERMANN (USA), INC.**

        Defendant.

Civil Action No. 1:21-CV-20126-DLG

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant Zimmermann (USA), Inc. ("Zimmermann") hereby moves to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support of its motion to dismiss, Zimmermann states as follows:

**I.     INTRODUCTION**

Plaintiff Windy Lucius ("Plaintiff") brings this lawsuit alleging that Zimmermann's website, at https://www.zimmermannwear.com/us/ is not accessible to her or other visually impaired individuals. Plaintiff's case is premised on Zimmermann's alleged failure to comply with the Web Content Accessibility Guidelines ("WCAG") 2.0 – a set of general guidelines published by private individuals and never adopted by the U.S. Department of Justice as the sole standard business owners must comply with to avoid liability.

As established below, Plaintiff's complaint for alleged violation of the Americans with Disabilities Act ("ADA") fails because Plaintiff has not alleged the requisite injury, thereby depriving her of standing. Further Plaintiff's ADA claim is mooted because Zimmermann has taken steps to makes its website accessible. Accordingly Zimmermann respectfully requests that the Court grant this Motion to Dismiss without leave to amend.

## II.   FACTUAL BACKGROUND

Defendant Zimmermann is an Australian brand of swimwear, resort wear and ready-to-wear fashions, with various physical stores in Australia and the U.S.  In Florida, Zimmermann stores are located in Bal Harbour and Palm Beach.  Zimmermann also showcases and sells its products on a website located at https://zimmermannwear.com/us/. (Complaint, D.E. 1, ¶ 5)

Plaintiff asserts that she is a Miami-Dade County resident with disabilities in that she is blind and "unable to read computer materials and/or access and comprehend internet website information without software specially designed for the visually impaired."  (Complaint, D.E. 1, ¶¶ 1-2).  She alleges that she is a an advocate and "tester" engaged in "monitoring, ensuring, and determining whether places of public accommodation and/or their websites are in compliance with the ADA."  (Complaint, D.E. 1, ¶ 2)

Plaintiff alleges that she "attempted to access and/or utilize defendant's website, but was unable to and she continues to be unable to enjoy full and equal access to the website." (Complaint, D.E. 1, ¶ 11)  She further alleges that she "would like to be a customer at Defendant's brick and mortar location but before she goes to the store, she would like to determine what is available for her purchasing, what promotions are being offered and what new items are currently available."  (Complaint, D.E. 1, ¶ 14)   Based on her allegations Plaintiff seeks declaratory and injunctive relief, and an award of attorneys' fees and costs, against Zimmermann.

## III.   ARGUMENT

### A.   Legal Standard

In assessing the legal sufficiency of a complaint the Court must apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must ... contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). It is a

plaintiff's burden to show "entitlement to relief" with more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" and must be disregarded. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**B.  Plaintiff Lacks Standing Because She Has Failed to Plead An Injury in Fact or a Real and Immediate Threat of Future Injury**

To establish standing, "a plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision." *Miccosukee Tribe of Indians v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1228 (11th Cir. 2000). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted) (internal quotation marks omitted). Absent a well-pleaded allegation of injury in fact, a complaint cannot succeed.

Additionally, a plaintiff seeking declaratory or injunctive relief must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis in original). Standing to seek an injunction depends on a plausible pleading that Plaintiff is likely to suffer future injury. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (*quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). Plaintiff "must show a sufficient likelihood that he will be affected by

the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001). "That requires 'a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury.' " *Houston*, 733 F.3d at 1334 (*quoting Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001). "The following factors are frequently considered by courts when analyzing the likelihood that a plaintiff will suffer a future injury on the defendant's property: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222-23 (M.D. Fla. 2012) (quotation omitted).

In *Price v. City of Ocala*, 375 F. Supp. 3d 1264 (M.D. Fla. 2019),  the court dismissed a website accessibility lawsuit similar to the one at bar for lack of standing because the plaintiff failed to allege a real and immediate threat of future injury. *Id*. at 1277. The court identified the following factors to be considered with the totality of the relevant facts in determining whether the plaintiff has alleged a real and immediate threat of future injury: (1) the plaintiff's connection with the defendant; (2) the type of information that is inaccessible on the website; and (3) the relation between the inaccessibility and the plaintiff's alleged future harm. *Id*. at 1274-75. ("Because the elements of standing 'are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported ... with the manner and degree of evidence required at the successive stages of the litigation.'")  *See also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc*., 524 F.3d 1229, 1232 (11th Cir. 2008) ("The 'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.' '[F]irst and foremost, there must be alleged ... an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical.'") (citations omitted); *Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1253 (M.D. Fla. 2003) (holding that plaintiff's claimed injuries were speculative or conjectural as the plaintiff lived hundreds of miles away and had been to the establishment only once).

Further, in assessing website accessibility complaints courts have held that websites are not covered by the ADA unless some function on the website hinders the full use and enjoyment of a physical space." *Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-cv-23801, 2017 WL 1957182, at *3 (S.D. Fla. Feb. 2, 2017). *See also Rendon v. Valleycrest Productions, Ltd.*, 294 F.3d 1279, 1280-81, 1285 (11th Cir. 2002). In order to state a claim under Title III based upon a website's alleged inaccessibility, a plaintiff must allege "some nexus between the website and the physical place of accommodation such that the "inaccessible website impedes access to a physical location." *Price v. Everglades Coll., Inc.*, No. 618-cv-492ORL31GJK, 2018 WL 3428156, at *2 (M.D. Fla. July 16, 2018) (internal quotations and citation omitted). The *Price* court further explained:

> In clarifying the nexus requirement, district courts in the Eleventh Circuit have distinguished between an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location, holding that the former "is insufficient to state a claim." *E.g., Gomez v. La Carreta Enters.*, No. 17-civ-61195, 2017 U.S. Dist. LEXIS 202662, at *9 (S.D. Fla. Dec. 6, 2017). One rationale underlying this holding is that a contrary finding would require all websites with any nexus to a physical public accommodation to be formatted in such a way that they are accessible to screen reader software. *E.g., Price v. AFT Mgmt., Corp.*, No. 17-civ-61310, 2018 U.S. Dist. LEXIS 25896, at *9 (S.D. Fla. Feb. 14, 2018). District courts in the Eleventh Circuit have been unwilling to take a leap with such far-reaching implications, and this Court is no exception. Here, the Defendant correctly argues that "an inability to gain information about the physical location does not adequately allege that his inability to access the Website impedes his access to enjoy the physical university." Doc. 17 at 6. Although the Plaintiff argues that he "has alleged that the inaccessibility of Defendant's website impeded Plaintiff's access to Defendant's University locations," Doc. 21 at 13, a review of the Complaint reveals that the Plaintiff alleges only facts indicating that his ability to gain information about the location, rather than his access to enjoyment of the university itself, was compromised. As the Defendant points out, the Plaintiff does not claim that he was unable to apply to the university, pay tuition, or use the student portal on the website. Doc. 26 at 4. Accordingly, the Plaintiff has failed to state a claim on which relief can be granted.

*Id*. 2018 WL 3428156, at *2.

Here, Plaintiff has not alleged an injury in fact or a real or immediate threat of future injury. As in the *Price* case, the Plaintiff herein has not alleged that the website has in any way impeded her access to the related physical location. Rather, Plaintiff has only alleged that she would prefer to have access to certain information from the website prior to visiting the physical store. She has not alleged any previous visits to the Zimmermann store nor does she allege any concrete plans to visit the store. She only states that she "would like to" visit. Such hypothetical allegations are insufficient to establish the requisite standing. *See Haynes v. Polio Operations, Inc*., No. 17-cv-61003, 2018 WL 1523421, at *2 (S.D. Fla. Mar. 28, 2018) ("[W]hile Plaintiff repeatedly alleges that he has attempted to access and/or utilize Defendant's website, he does not allege that he ever attempted to visit any of Defendant's physical locations.").

**C.      Plaintiff's Complaint Should Be Dismissed Because Plaintiff's Claim is Moot**

Courts evaluating claims under Title III of the ADA as applied to websites have found that substantial compliance with the Web Content Accessibility Guidelines ("WCAG") 2.0 standards published by the World Wide Web Consortium suffices to moot a plaintiff's claims. *See Diaz v. Kroger Co.*, 2019 U.S. Dist. LEXIS 93177 (S.D.N.Y. June 4, 2019). Zimmermann's efforts and policies to proactively monitor and address potential accessibility issues up to WCAG 2.0 standards render Plaintiff's claims moot. *See id.* (dismissing claims as moot because defendant had undertaken efforts to make its website complaint with WCAG 2.0 standards and that the barriers alleged in plaintiff's complaint no longer existed). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013).

As reflected on the website's "Our Commitment to Accessibility" webpage located at https://www.zimmermannwear.com/us/accessibility, Zimmermann is committed to making sure its website content is accessible and user friendly to everyone and a phone number and email address is provided for users so they can reach Zimmermann with any accessibility concerns.

-6-

-7-

(Declaration of Monica L. Irel ["Irel Dec."] at ¶2).  In addition, Zimmermann has routinely audited its website for web accessibility compliance and as of March 5, 2021, the website at https://www.zimmermannwear.com/us/ was reported to have 0 errors on a web accessibility audit report.  (*Id*. at ¶3).

Accordingly, the website is substantially compliant, Zimmermann is committed to ensuring the website continues to be accessible, thus there is no basis for Plaintiff's ADA claim.  The ADA claim is therefore moot and the Court lacks subject matter jurisdiction over the claim.

## IV. CONCLUSION

For the above-stated reasons, Zimmermann respectfully requests that the Court grant its Motion to Dismiss without leave to amend.

Dated:  March  5th , 2021                                    Respectfuly Submitted

                                            By:  /s/ Monica L. Irel
                                                 Monica L. Irel, Esq.
                                                 Florida Bar No.: 0142395
                                                 Dentons US LLP
                                                 Capital Plaza
                                                 10700 N. Kendall Dr. Suite 303
                                                 Miami, Florida 33176
                                                 Tel: (305) 670-4843
                                                 Email: Monica.irel@dentons.com

                                                 *Counsel for Defendant*
                                                 *Zimmermann (USA), Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that on this  5th  day of March, 2021, a true and correct copy of the foregoing was electronically filed and served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

                                    /s/Monica L. Irel
                                    Monica L. Irel, Esq.
                                    Florida Bar No.: 0142395